# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **APEX INTERNATIONAL, LLC AND GREG LINDBERG,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | Case No.: 3:19-cv-02242-K |
| **JEFFREY SERBER and TRENT TRENNEPOHL** | § § § | |
| **Defendants.** | § § | |

---

## DEFENDANT SERBER'S REPLY IN SUPPORT OF HIS
## SECOND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
## AND, ALTERNATIVELY, TO SEVER AND THEREAFTER DISMISS OR,
## ALTERNATIVELY, TRANSFER VENUE

---

THE TAYLOR LAW OFFICES, PC

Thomas L. Taylor III
Texas Bar: 19733700
taylor@tltaylorlaw.com
Andrew M. Goforth
    Of Counsel
Texas Bar: 24076405
andrew@goforth.law

245 West 18th Street
Houston, Texas 77008
Tel: 713.626.5300
Fax: 713.402.6154

BALLARD & LITTLEFIELD LLP

Donald R. Littlefield
Texas Bar No. 12427350
dlittlefield@ballardlittlefield.com
16475 Dallas Parkway, Suite 400
Addison, Texas 75001
Phone: 972-733-2900
Fax: 713-403-6400

Charles A. Hammaker
    Of Counsel
Texas Bar No. 08853700
ahammaker@ballardlittlefield.com
3700 Buffalo Speedway, Suite 250
Houston, Texas 77098
Telephone: (713) 403-6400
Facsimile: (713) 403-6410

COUNSEL FOR DEFENDANT
JEFFREY SERBER

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ........................................................................................ i

**TABLE OF AUTHORITIES** ................................................................................ ii

    A.  This Court Lacks Personal Jurisdiction Over Defendant Serber because Plaintiffs Engaged in Fraud and Overreach with Respect to the Forum Clause ............................... 1

    B.  The Court Must Sever the Serber Case from the Trennepohl Case ................................... 2

    C.  Plaintiffs' Allegations and Evidence Regarding the Maintenance of Confidential Information in Dallas County, Texas Are Insufficient to Satisfy 28 U.S.C. § 1391 ......... 3

    D.  Serber did not Waive Objection to Venue, and the Court's 28 U.S.C. § 1404(a) Analysis is Not Limited to Public Interest Factors, because the Forum Clause is not Valid or Enforceable ........................................................................................ 5

**CONCLUSION** ................................................................................................. 6

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*ECL Grp., LLC v. Mass*,
  No. 3:17-CV-2399-D, 2018 U.S. Dist. LEXIS 26287 (N.D. Tex. Feb. 20, 2018)...........4

*Haynsworth v. the Corporation*,
  121 F.3d 956 (5th Cir. 1997)...........................................................................................2

*The Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1, 92 S. Ct. 1907 (1972) ........................................................................ 1, 5, 6

**Statutes**

28 U.S.C. § 1391...........................................................................................................1, 3, 5, 6

28 U.S.C. § 1404..............................................................................................................1, 5, 6

28 U.S.C. § 1406.................................................................................................................5, 6

**Rules**

Fed. R. Civ. P. 20.................................................................................................................3

Defendant Jeffrey Serber ("Serber"), through undersigned counsel, respectfully files this Reply ("Reply") in support of his Motion[1] to dismiss the Verified Second Amended Complaint (ECF No. 18, "Complaint") of Plaintiffs Apex International, LLC ("Apex") and Greg Lindberg ("Lindberg" and collectively "Plaintiffs").

## A. This Court Lacks Personal Jurisdiction Over Defendant Serber because Plaintiffs Engaged in Fraud and Overreach with Respect to the Forum Clause

The Forum Clause is unreasonable and unenforceable under the *Bremen* standard, *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S. Ct. 1907 (1972), and therefore Serber did not submit to the personal jurisdiction of Texas courts and this Court lacks personal jurisdiction over Serber or his property.[2]

First, and contrary to the Plaintiffs' assertion that "Serber's proof is all directed toward the contractor relationship with Apex as a whole, not specifically at the forum selection clause," Resp. at 10, Serber agreed to execute the Forum Clause *before* he began his work as a contractor with Apex. As detailed in his Motion, Mot. at $10-20$[3], Serber was fraudulently induced and improperly leveraged (overreach) into agreeing to the Forum Clause, making it unreasonable. *The Bremen*, *supra*, at $12-13$, 15. In this regard, Plaintiffs (who reside in North Carolina) induced Serber (a resident of California) to execute the Forum Clause based upon numerous misrepresentations and

---

[1] Capitalized terms not defined herein have the same meaning given to them in Serber's Motion to dismiss the Verified Second Amended Complaint (ECF No. 25).

[2] Plaintiffs neither allege in their Complaint, nor argue in their Response (ECF No. 26) ("Response"), that Serber is subject to personal jurisdiction in Texas for any reason other than waiver under the Forum Clause. Nor do Plaintiffs provide any evidence of contacts Serber has had with Texas. Accordingly, if the Court holds the Forum Clause to be unreasonable, it must dismiss for lack of personal jurisdiction. *See* Mot. at 8.

[3] Citations to Serber's Motion and Plaintiffs' Response refer to page numbers in the header added by the Court's CM/ECF system.

omissions of material fact with respect to a position which they fraudulently represented was located in the Los Angeles, California area. Mot. at 12.

Second, the Court must hold the Forum Clause unreasonable because it would, "for all practical purposes[, ] deprive[ Serber] of his day in court" because of the grave inconvenience and unfairness of the Texas forum. *Haynsworth v. the Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (citations omitted). Enforcing the Forum Clause and continuing this case in the Northern District would deprive Serber of his day in court because as a resident of Simi Valley, Ventura County, California, Serber will experience severe hardship by litigating this case in Texas, for which he lacks the resources necessary to participate fully. Mot. at 20 – 21. Importantly, Texas as a forum has no connection to this case, notwithstanding Plaintiffs' unsupported assertion that "Confidential information that is the subject of this lawsuit is kept in Dallas County, Texas." (Resp. at 11) *See infra*, at § C. Plaintiffs' reframing of this issue as solely a "David versus Goliath" argument, *see* Resp. at 11, must be rejected. Plaintiffs' purported wealth was a single point raised solely to contrast the unfairness that Serber will suffer with that of Plaintiffs -- both residents of North Carolina. Because enforcement of the Forum Clause will "for all practical purposes deprive[] [Serber] of his day in court," the Court must hold it unenforceable, which eliminates the only allegation of personal jurisdiction over Serber made by Plaintiffs. Accordingly, the case should be dismissed.

### B.     The Court Must Sever the Serber Case from the Trennepohl Case

Plaintiffs' response to the issue of severance -- a single footnote -- fails to raise any valid reason for this Court to decline to sever the claims against the two named Defendants into separate proceedings. The causes of action against Serber and Trennepohl do not "arise out of the same

transaction or occurrence." FED. R. CIV. P. 20(a)(2)(A). Plaintiffs' allegation that Serber provided confidential information to journalists in May 2019 is wholly independent of their allegation that Trennepohl made disparaging comments about Plaintiffs in September and October 2019. Trennepohl's alleged conduct involved numerous posts to Facebook, only one of which references an article that Plaintiffs allege was sourced by Serber. Compl. ¶¶ 33 – 35. These two cases simply do not have any questions of law or fact common to all Defendants. The cases should be severed and Serber's case dismissed or, alternatively, transferred. Mot. at 23 – 28.

### C.    Plaintiffs' Allegations and Evidence Regarding the Maintenance of Confidential Information in Dallas County, Texas Are Insufficient to Satisfy 28 U.S.C. § 1391

A close reading of the allegations in Plaintiffs' Complaint and the assertions in their Response reveals that the Northern District of Texas is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b)(2). The evidence relied upon by Plaintiffs does not support their twice-made assertion that "the confidential information made the basis of Plaintiffs' claims is kept in Dallas County, Texas." Resp. at 11, 12.

In this regard, the support cited falls short of the assertion made. Section 5.9 of the Confidentiality Agreement only states generally that "Confidential information is kept in the State of Texas, County of Dallas." It does not speak to any information "made the basis of Plaintiffs' claims" in this case. Moreover, the allegations in paragraph 20 of the Complaint do not support the claim that such information is kept in Dallas County, Texas. In this regard, the Complaint alleges vaguely that "Apex *has kept and maintained* … information that is the subject of this lawsuit … in Texas," Compl. ¶20 (emphasis added), but fails to allege when such property was located in Texas, or if such property was at the time of the suit was located in Texas. Moreover,

Plaintiffs allege that "Apex provided services in Texas for Lindberg at or around the time of the events giving rise to this lawsuit," *id.*, but do not allege any connection between these alleged services by the entity Apex and the alleged conduct of Serber underlying their causes of action.[4]

Plaintiffs cite *ECL Grp., LLC v. Mass*, No. 3:17-CV-2399-D, 2018 U.S. Dist. LEXIS 26287 (N.D. Tex. Feb. 20, 2018) for the proposition that "venue is proper based on the location of the allegedly misappropriated information." *Id.*, at *24 – 25. As demonstrated immediately above, Plaintiffs have not established the location of any "confidential information made the basis of Plaintiffs' claims," Resp. at 12 -- only the allegation that confidential information has been kept and maintained in Texas at some point.

Nor do the underlying facts in *ECL Grp.* support a holding that venue in the Northern District of Texas is proper in this case. In *ECL Grp.*, certain "computer servers storing confidential information and trade secrets" at issue to the suit and which were "specifically identifiable, tangible, and the subject of restrictive covenants," were "located in Texas." *Id.*, at *24. Plaintiffs have not alleged any servers present in Texas, nor have they alleged any "specifically identifiable, tangible" confidential information subject to Serber's Confidentiality agreement which form the breach of that agreement by Serber. Plaintiffs have not alleged that Apex has any offices in Texas. Moreover, the defendant in *ECL Grp.* traveled to Texas to receive training twice in one year, where he obtained confidential information. *Id.*, at *25. There is no allegation or evidence that Serber

---

[4] Equally vague is the affidavit of Robert Gaddy (ECF No. 26-1). He states that "[t]he scope of services that Apex retained Serber to perform included providing operational support for [] visits" to Texas by Lindberg. *Id.* ¶5. However, he stops short of stating that Serber actually performed services of operational support for Texas-based matters. The scope of services which could have been performed by Serber are not the issue here; rather it is the services that Serber actually performed that are at issue in this suit. This is particularly true in light of the fraudulent, material misrepresentations and omissions of Apex to Serber regarding the scope of services Apex sought vis-à-vis the actual services it asked him to perform. *See* Mot. at 12 – 17.

ever received confidential information in Texas, let alone "confidential information made the basis of Plaintiffs' claims."

There are not sufficient allegations or evidence that "a substantial part of the property that is the subject of the action is situated" in Texas. 28 U.S.C. § 1391(b)(2). Accordingly, the Northern District of Texas is an improper venue, and the Serber Case be dismissed pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a).

### D.     Serber did not Waive Objection to Venue, and the Court's 28 U.S.C. § 1404(a) Analysis is Not Limited to Public Interest Factors, because the Forum Clause is not Valid or Enforceable

As detailed *supra*, at § A, and throughout the Motion, *see* pp. 11 – 21, the Forum Clause is not valid or enforceable under the *Bremen* standard due to Plaintiffs' fraud and overreach, and because enforcement would deprive Serber of his day in court, for all practical purposes. Because the Forum Clause is not valid or enforceable, it cannot act as a "contractual waiver of the right to seek transfer or dismissal." Moreover, because the Forum Clause is not valid or enforceable, this Court is not limited in its analysis regarding the grounds for transfer under § 1404(a). However, even this limited analysis would favor transfer. Importantly, Serber has not sought transfer to the Northern District of California, but to the Central District of California, Mot. at 24, which enjoys a significantly shorter median timeframe for case disposition than the statistics cited by Plaintiffs for the Northern District of California.[5] Moreover, Texas has limited interest in disputes between California and North Carolina residents involving issues arising from alleged acts taking place outside of its borders.

---

[5] The Central District of California has a median time to disposition of 4.9 months and a median time to trial of 22.1 months. *See* Federal Court Management Statistics (Sept. 2019), available at https://tinyurl.com/ws9u32e.

## **CONCLUSION**

The Forum Clause is unreasonable and unenforceable under the *Bremen* standard for fraud, overreach and effectively depriving Defendant Serber of his day in Court. Without the enforceability of the Forum Clause, Serber lacks contacts with Texas sufficient to meet constitutional standards limiting the reach of personal jurisdiction, and the case must be dismissed. Alternatively, the Court must sever the Serber Case from the Trennepohl Case, and either (1) dismiss the Serber Case pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) because the Northern District of Texas does not meet the requirements of 28 U.S.C. § 1391, or, alternatively, (2) transfer the Serber Case to the Central District of California, Western Division, pursuant to 28 U.S.C. § 1404(a).

Dated: December 23, 2019

Respectfully submitted,

THE TAYLOR LAW OFFICES, PC

By:   /s/ Thomas L. Taylor III

Thomas L. Taylor III
Texas Bar: 19733700
*taylor@tltaylorlaw.com*
Andrew M. Goforth
   Of Counsel
Texas Bar: 24076405
*andrew@goforth.law*

245 West 18th Street
Houston, Texas 77008
Tel: 713.626.5300
Fax: 713.402.6154

BALLARD & LITTLEFIELD LLP

Donald R. Littlefield
Texas Bar No. 12427350
*dlittlefield@ballardlittlefield.com*
16475 Dallas Parkway, Suite 400
Addison, Texas 75001
Phone: 972-733-2900
Fax: 713-403-6400

Charles A. Hammaker
Of Counsel
Texas Bar No. 08853700
*ahammaker@ballardlittlefield.com*
3700 Buffalo Speedway, Suite 250
Houston, Texas 77098
Telephone: (713) 403-6400
Facsimile: (713) 403-6410

COUNSEL FOR DEFENDANT
JEFFREY SERBER

## CERTIFICATE OF SERVICE

I certify that on December 23, 2019 I filed the foregoing document through the Court's CM/ECF filing system and electronically provided it to Defendant Trennepohl (with written consent), which satisfies service requirements under FED. R. CIV. P. 5(b)(2)(E).

  /s/ Thomas L. Taylor III

Thomas L. Taylor III